## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO FLETCHER, SR.,                    )
                                          )
      **Plaintiffs,**                         )
                                          )
vs.                                       )          **CIVIL NO. 07-003-MJR**
                                          )
ROGER E. WALKER, *et al.*,                )
                                          )
      **Defendants.**                        )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

This action involves Plaintiff's arrest on new criminal charges while he was serving a one-year term of mandatory supervised release. Plaintiff claims that he was not taken before a panel of

the Prisoner Review Board within the 10-day time frame specified by law, in violation of his rights to procedural due process under the Fourteenth Amendment.

> A person charged with violating a condition of parole or mandatory supervised release shall have a preliminary hearing before a hearing officer designated by the Board to determine if there is cause to hold the person for a revocation hearing. However, ***no preliminary hearing need be held when revocation is based upon new criminal charges*** and a court finds probable cause on the new criminal charges or when the revocation is based upon a new criminal conviction and a certified copy of that conviction is available.

730 ILCS 5/3-3-9 (c) (emphasis added). According to the complaint, Plaintiff was arrested on new charges; thus, it appears he was not entitled to a preliminary hearing at all. However, even if he were entitled to a preliminary hearing, Plaintiff is incorrect about the absolute deadline of ten days.

> The preliminary hearing shall be held within 10 days of the parolee's apprehension unless continued by the hearing officer for up to an additional two weeks to permit the production of witnesses or materials relevant to the hearing.

20 Ill. Admin. C. § 1610.140(b)(3).

In this case, Plaintiff alleges that he was rearrested on February 13, 2005, and that his preliminary hearing did not take place on or before February 25, 2005. He does not state when his hearing actually took place, and thus the Court cannot find that he suffered any deprivation of his rights to due process.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 21st day of December, 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**